TRUSSED CONCRETE STEEL CO. v. CORRUGATED BAR CO.

(Circuit Court of Appeals, Second Circuit. March 9, 1915.)

No. 154.

PATENTS ⊚⤳328—VALIDITY AND INFRINGEMENT—EXPANDED METAL.

The Forsythe patent, No. 862,897, for expanded metal and process of making the same, discloses patentable invention and is valid, but is entitled to only a narrow construction and range of equivalents, and, as so construed, *held* not infringed.

Appeal from the District Court of the United States for the Western District of New York.

This cause comes here upon appeal from a decree of the District Court, Western District of New York, dismissing the bill of complaint in a suit for infringement of patent. The patent is No. 862,897 issued August 13, 1907, on application filed February 1, 1907, to William D. Forsythe, assignor to complainant, for "expanded metal."

The opinion of the District Court will be found in 214 Fed. 393. See, also, 197 Fed. 946.

F. L. Chappell and Chappell & Earl, all of Kalamazoo, Mich. (W. Merle Smith, of Youngstown, Ohio, of counsel), for appellant.

J. A. Carr, of St. Louis, Mo., and Lyman M. Bass, of Buffalo, N. Y., for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. Judge Hazel has discussed the various questions presented, quite fully; reference may be had to his opinion for details as to the prior art.

The patentee states that his invention consists of a—

"process for forming expanded metal which is made up of three steps—(1) shearing the sheet metal along longitudinal lines, slits being formed of four connected portions, one of the portions extending transversely of the line of the slits, one of the portions extending in one direction from the center of the first slit and parallel to the general line of slits, and the two other portions extending parallel to the first, but in opposite directions and from the ends of the first slit, the second portion of the slit extending up between the third and fourth portions of the next adjacent; (2) striking up the tongues which are formed by the first, third, and fourth slits spoken of, so that said tongues project at right angles from the body of the plate and have portions at their ends projecting parallel to the plate; and (3) expanding the sheet laterally, so that the halves of the tongues will separate at their bases and swing down toward the main sheet. My invention also consists in a novel expanded metal, consisting of longitudinal ribs or bands connected by transverse ties, each in a plane at right angles to the main sheet. These ties are formed in halves connected at the outer ends to the main ribs and connected together at the inner ends, the ribs and ties being integral."

The claims relied on are:

"1. The process for forming expanded metal which consists in slitting the same along longitudinal lines so as to form parallel bands connected by tongues split through their bases, striking up the tongues, and bending the unsplit portion of the same back parallel to the main sheet, and then expanding the material by separating the longitudinal members laterally."

"3. The process of forming expanded metal which consists in slitting the same along longitudinal lines, so as to form parallel bands connected by tongues split through their bases, and expanding the material.

"4. An expanded metal comprising a series of longitudinal members, and a series of ties connecting the same, each tie formed of two parts connected at a line midway between the main tension members, all the members being integral."

"6. An expanded metal comprising longitudinal members, and a series of ties between adjacent longitudinal members, each tie formed of two parts united at their ends."

The contention that defendant is estopped from questioning the validity of the patent has been fully discussed by Judge Hazel, and we concur in his disposition of that branch of the case. Since we have reached the conclusion that the patent is a valid one, this question of estoppel is unimportant. Even an original patentee, who has assigned

his patent and is sued for alleged infringement of it, may show, if he can, that the state of the prior art requires a construction of the claims which will negative infringement by the device he makes.

This was a very crowded art, and the District Judge found it difficult to make a place in it which would sustain the Forsythe patent. The process and product which the patentee points out, and in which the bent-up tongue, with its bent-over unslitted tip, facilitates expansion, without strain or distortion, the two halves of the tip bending over towards each other on a line in extension of the slit, and folding down till furthest extension is reached, did, we think, effect sufficient improvement to sustain the grant of a patent therefor. It is unnecessary to discuss the prior art at length; Judge Hazel has sufficiently rehearsed it. Some of his statements as to the operation of certain of the prior art patents are criticized; but it is quite apparent, from the multitudinous varieties of expanded metal which the record discloses, that this Forsythe patent can be given no broad construction and no wide range of equivalents.

Coming now to the claims: The first one covers the precise process disclosed in the specification with its "three steps": (1) Shearing the sheet metal; (2) striking up tongues and bending over tips; and (3) expanding the sheet laterally. We can find in the record no proof that defendant's tongues are struck up and the unsplit portion of the same bent back parallel to the main sheet. Patent No. 1,080,418, under which defendant is manufacturing, does not show any such step; it describes the slitting of the sheet and then says:

"After slitting the opposite sides or edges of the sheet are drawn apart to expand it to the desired extent."

Nor is this step of striking up and bending shown in the photograph of defendant's sheet in process of construction on page 20 of complainant's brief. Nor is it disclosed in the exhibit marked "Sample Defendant's Material."

Claim 3, also, for process, entirely eliminates this second step; but in so doing it eliminates the very element of novelty on the strength of which validity is found over the prior patents of this crowded art. This claim could be saved only by reading into it these upstanding tongues with bent-over tips, whose folding in, each on a line in prolongation of the slit through the tongue, constitute a real, though small, advance in the art; the improvement tending to some extent to avoid strain and distortion when expanding. But, if these struck-up tongues and bent-over tips are read in, claim 3 becomes a duplicate of claim 1, and is not infringed.

Claim 4 is broad enough textually to sweep in much of the prior art. It can be sustained only by confining it to the specific structure shown in the patent, with each tip of each tongue folded over on a prolongation of the line of the slit. But defendant's structure manifestly has not this element. See exhibit marked "Sample Defendant's Material."

The same remarks apply to claim 6.

The decree is affirmed, with costs.